## Wytheville.

NORFOLK & WESTERN RAILROAD CO. v. DeBOARD'S ADM'R.

### JULY 18, 1895.

1. LICENSEE—*Footpath.*—One who, either alone or in common with the public, has for a long time used a footpath over the lands of another, with his knowledge and without objection, is a licensee. But whether a designated person is a licensee or not is a question of fact for the jury.

2. LICENSEE—*Land-Owner—Repairs to Footpath—Undermining Footpath.*—The owner of land over which is a footpath owes no duty to a licensee to keep said footpath in good order or repair ; but, if such owner carelessly and negligently makes an excavation beneath said footpath, not open to common observation of persons passing along the same, and not apparent to one exercising ordinary care, and knowing the said footpath to be in a dangerous condition, fails to repair the same, or to give notice or warning thereof to such licensee, and personal injury results therefrom to the licensee, without negligence on his part, the owner is liable in damages for such injury.

3. LICENSEE—*Land-Owner—Undermining Footpath—Measure of Damages.*—In an action by the personal representative of a licensee of a footpath, against the owner of the lands, for causing the death of such licensee, by carelessly and negligently undermining said footpath, the measure of damages is such sum as to the jury may seem fair and just under all the circumstances of the case, not exceeding the amount claimed in the declaration.

Error to a judgment of the Circuit Court of Smyth county, rendered March 26, 1894, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Bolling & Stanley*, for the plaintiff in error.

*Cole & Bell*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Smyth county. The action was bought by the defendant in error to recover of the plaintiff in error damages for alleged injuries to defendant in error's decedent, caused by the negligence of the plaintiff in error; and the case briefly stated is as follows:

George De Board, at the time of the accident from which this suit arose, occupied a blacksmith shop on a three-acre lot of ground lying on the south side of plaintiff in error's line of railroad, about one and one half miles west of Marion station, and adjacent to a private crossing called Hull's Crossing. DeBoard, together with the other occupants of this three acres of land, and perhaps other persons in the neighborhood, have been in the habit, for a number of years, of using a path which crossed this lot of ground and ran along the edge of the railroad embankment, or cut, a short distance to Hull's Crossing, DeBoard using the path chiefly to go over and get water from a spring on the north side of the railroad. In the afternoon of December 6, 1892, DeBoard was found in the ditch at the bottom of the railroad embankment or cut, just under where the path ran along the edge of the embankment, and near the side and at the end of the cross ties of the company's railroad, so much injured that he could not stand alone, and was carried to the house of his son-in-law, the plaintiff in this case, where he, from his injuries, died, as alleged, sometime in the following January.

This suit was brought by his personal representatives at the first March rules, 1893, and the declaration filed charges

that DeBoard's death was caused by the careless and negligent action of the plaintiff in error through its agents, or employees, in removing rock and earth from underneath the path in question, leaving the surface of the path unsupported, and thus making a trap or pitfall for any one passing over or along the path, whereby DeBoard, in passing along the path, which he had been doing for a number of years past, broke through and fell upon the company's railroad track below, and received the injuries from which he afterwards died.

At the trial of the case the court below instructed the jury as follows:

"No. 1.—The jury are the triers of the fact as to whether or not George DeBoard was a licensee on the defendant's right of way. If the jury believe from the evidence that the deceased, George DeBoard, when he received his injuries, was travelling along the foot path or way over defendant's land, which had been long used as a walk way, leading to a crossing over defendant's track, by himself and certain other individuals, occupants of an adjoining lot or close, or by the general public, with the knowledge of the defendant company, and without any objection on its part, then the jury must find that said George DeBoard was not a trespasser while travelling said path, but that he was a licensee and not wrongfully travelling said path."

"No. 2. —The court further instructs the jury that if they find that George DeBoard was travelling said path as such licensee, no duty was imposed upon the defendant company to keep the said path in good order and repair, and the said George DeBoard travelled thereon at his peril. But if the jury believe from the evidence that the defendant company did carelessly and negligently make an excavation beneath said pathway not open to the common observation of persons walking along said path, and no notice or warning had been given to said DeBoard, and that said DeBoard, while walking along

said path or way, with due caution and care, was injured and killed by reason of said excavation, then the said defendant company is liable to answer therefor in damages. But if the jury believe from the evidence that the supposed excavation complained of was open to the common observation of those traveling along said pathway, and that said DeBoard, by the exercise of ordinary care, could have observed the same, and that he carelessly and negliently stepped into said excavation, then he was chargeable with contributory negligence, and is not entitled to recover.''

''No. 3.—And the court instructs the jury that, if they find for the plaintiff, in assessing the damages, they are not limited to the actual loss of service of deceased, George DeBoard, but they may assess such sum as to them may seem fair and just, looking to all the circumstances of the case, not exceeding the amount claimed in the declaration.''

We are of opinion that these instructions fairly expound the law applicable to the case; but the question to be determined here is, does the evidence in the case sustain the verdict of the jury in favor of the defendant in error, assessing his damages at $505?

Though the jury might have been warranted in finding, from all the circumstances surrounding the case, that DeBoard was a licensee upon the property of the plaintiff in error at the time of his injury, plaintiff in error could not be held liable in damages for the injuries he sustained, unless the evidence shows that the agents or employees of plaintiff in error, having charge of the repairs to its railroad track at this point, knew of the dangerous condition in which the path in question was left after the removal of the rock and earth, as alleged in the declaration. The evidence in the case shows that the section hands of the railroad company, a few days prior to the injury of DeBoard, had taken out a rock immediately west (about one foot west) of where persons usually travelling this

path step over a fence which ran to the railroad embankment at that point, because the rock was loose and dangerous, and was liable to fall into the track, and cause the wreck of trains; the person who took out the rock, testifying for the defendant in error, stating that he had been over the path once or twice; that he knew something of the rock; that he took it out, but did not meddle with the path after he took the rock out; that the rock was loose, and was thrown down with little or no exertion, and fell and rolled on the railroad track, and rested against the rail.  The evidence of the defendant in error further shows that the rock, before it was taken down, was visible above the ground for three or four inches, and dipped south under the path, and had often been sat upon by one of the witnesses; and that any one going along the path who took the trouble to look could have seen the rock; that from the top of the bank on which the path ran to the point in the ditch below where the plaintiff's intestate was found, in a "perpendicular line, was about seven feet, being measured to the top of the cross ties."

This is all the evidence that even tends to show that the employees of the railroad company had any sort of knowledge that the path in question was left in a dangerous condition after this rock had been removed from the bank as stated, and it can not be questioned that it was entirely proper that this rock should have been removed.

There could be no carelessness or negligence on the part of the plaintiff in error, under the circumstances surrounding the removal of this rock, for which it could be held liable in damages to defendant in error, unless it be shown by satisfactory proof that the section hands or employees of the company, when they removed the rock, knew that the path was left in an unsafe condition, and failed to restore it to its original state, or use reasonable precaution to avoid injury to those likely to pass along the path, or notify such persons of

the danger; and as the evidence in this case does not, in our opinion, sufficiently show that the employees of the plaintiff in error had knowledge of the dangerous condition of this path after the removal of the rock, the verdict of the jury is without sufficient evidence to sustain it. It was therefore error in the Circuit Court of Smyth county to overrule the motion made by plaintiff in error for a new trial, on the ground that the verdict is contrary to the law and the evidence, and for this error its judgment must be reversed and this cause remanded for a new trial to be had in accordance with this opinion.

REVERSED.