Syllabus.

# Staunton

## NESBIT v. WEBB.

September 11, 1913.

Absent, Keith, P.

1. MASTER AND SERVANT—*Safe Premises—Servant Returning From Work—Invitee—Railroads.*—An engineer of a railroad company, while returning from his completed task over the property of the company along a route that he and other employees had pursued with the knowledge of the company for fifteen years, is neither a trespasser nor a licensee, but an invitee, and entitled to protection as such from the dangers of an unguarded ditch dug across such route of which he has no knowledge.

2. INSTRUCTIONS—*Abstract Propositions.*—It is not error to refuse an instruction which states an abstract proposition that could have been of no help to the jury in determining the question at issue.

3. INSTRUCTIONS—*Fully Instructed.*—It is not error to refuse to further instruct the jury when they have been fully instructed upon every phase of the case covered by the additional instruction proposed.

4. INVITEES—*Unsafe Premises—Liability of Owner or Occupier.*—The owner or occupier of land who, by invitation, express or implied, induces or leads others to come upon his premises for any lawful purpose is liable in damages to such persons (they using due care) for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.

5. NEGLIGENCE—*Unsafe Premises—Excavations.*—If a person knows that people are using, and for years have been using, property as a right of way, then it is his duty in making excavations across such pathway, or putting obstructions thereon, to exercise reasonable care and not negligently injure persons so in the habit of using such pathway.

6. APPEAL AND ERROR—*Conflicting Evidence—Verdicts.*—Where the evidence in a case is conflicting and the case has been fairly sub-

mitted to the jury, under proper instructions from the trial court, the verdict of the jury, approved by the trial court, will not be disturbed by this court.

Error to a judgment of the Corporation Court of the city of Roanoke in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed*

The opinion states the case.

*Hall & Woods,* for the plaintiff in error.

*Jackson & Henson* and *Hoge & Williams,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by J. E. Webb to recover of J. C. Nesbit damages for injuries alleged to have been occasioned by the negligence of the defendant. The trial resulted in a verdict and judgment in favor of the plaintiff, which we are asked by the defendant to review.

The petition assigns two grounds of error: (1) That the court erred in giving and refusing instructions: and (2) That it erred in overruling the motion for a new trial.

Viewed from the standpoint of a demurrer to the evidence, the pertinent facts appear to be that the defendant, a building contractor, was engaged in constructing a round house for the Norfolk and Western Railway Company in its West Roanoke yards. The round house was to be constructed on the site of an old one, consisting of twenty-one stalls, which was to be taken down in sections of six stalls at a time, so that the railway company could continue its use until the new round house was ready. The new house was to be much larger than the old one, the

outer wall thereof being located from twenty-five to thirty feet distant from the outer wall of the old house. Stalls 17, 18 and 19 were among those included in the first six that were turned over to the defendant. From these stalls there were tracks running, which extended outside the walls of the old round house, through arches cut therein, for some distance in an easterly direction. These tracks together with a passage way through the round house were constantly used day and night by the employees of the company with its full knowledge and consent as a convenient passway in going to and returning from their work. This passway led to the street and was not only a convenient way for the numerous employees using it, especially those living in southeast Roanoke, but it is shown to have been their safest route, on account of moving trains and shifting engines likely to be encountered by them in traveling the most feasible route other than this one. This was the situation on the first day of July, 1912, when the defendant commenced the execution of his contract for building the new round house. Prior to the accident the defendant had dug a ditch four feet wide and about six feet deep immediately across the pathway habitually used by the employees. This ditch was to be continued as the foundation for the new round house. At 1:30 on the morning of July 5, 1912, the plaintiff, a locomotive engineer, came in from his run, put his engine away and started on the usual route traveled by himself and other employees, which was pursued until he suddenly fell headlong into the ditch which the defendant had dug, and thereby received the injuries for which he seeks damages in this suit. The plaintiff did not know that the ditch had been dug, and encountered no obstruction along the route traveled by him. There was sufficient light on the inside and outside of the round house to enable one to travel with reasonable safety in the absence of concealed danger.

The theory of the plaintiff, as stated in his declaration, was that the employees of the railway company had been accustomed to use the way traveled by him on the night of the accident, both before and after the defendant dug the ditch in which he fell, and that the defendant knew, or in the exercise of reasonable care should have known, that fact; and that it was his duty in making an excavation across such passway to exercise reasonable care not to injure persons so in the habit of using such way.

In addition to a general denial, the defendant interposed the defense of contributory negligence on the part of the plaintiff, contending that the plaintiff had no right to be at the place where the accident happened; that he was a trespasser, or at most a bare licensee, and the defendant owed him no duty, except not to wantonly and wilfully injure him.

The defendant complains of the action of the court in refusing instructions "A" and "B" offered by him.

Instruction "A" tells the jury, "that if they believe from the evidence that the Norfolk and Western Railway Company had turned over to the defendant the possession of said premises for the purpose of tearing down the round house located thereon and rebuilding the same, and that the plaintiff was not required to go on said premises for any purpose in the performance of his duties as an engineer of the Norfolk and Western Railway Company, and that the plaintiff went thereon at the time he was injured for his own convenience, then the plaintiff had no legal right on said premises, and the defendant owed him no duty to keep said premises in a safe condition; and in going upon said premises, the plaintiff assumed all risks of danger arising from the condition of the premises by reason of work done thereon by defendant in the performance of his contract with the Norfolk and Western Railway Company to tear down and rebuild the round house located thereon."

This instruction was properly refused. There is no evidence that the plaintiff was on the premises where the accident happened for his own convenience. On the contrary, the uncontradicted evidence shows that the plaintiff was using the premises while in the discharge of his duties as an employee of the railway company. He was returning from his completed task by the usual route that he had pursued for fifteen years prior to the night of the accident. The defendant was only in possession of a small portion of the round house for certain purposes, the rest of the premises having been retained for the time by the railway company for the uses to which they had always been put, and the plaintiff was using such premises in the discharge of his duties, without any knowledge that they had been rendered dangerous by the defendant, while the defendant knew, or by the exercise of reasonable diligence should have known, that the premises were being used by the employees of the company, and that they were likely to be injured unless the ditch dug across their pathway was reasonably safeguarded.

Instruction "B" tells the jury, "that if they believe from the evidence that the plaintiff had no legal right on said premises, then the only duty that the defendant owed to him was not wilfully to injure him while on said premises."

This is an abstract proposition that could have been of no help to the jury in determining the question at issue. Apart from these considerations, the jury was by other instructions abundantly and. liberallly instructed upon every phase of the defendant's theory of the case and he could not possibly have suffered any prejudice from the court's action in refusing to give these two instructions. It is clear from the authorities that the plaintiff was not a trespasser or mere licensee, but was using the premises by implied invitation.

In *Bennett* v. *Railroad Co.,* 102 U. S. 577, 26 L. Ed. 235, Mr. Justice Harlan, speaking for the court, says that the rule founded in justice and necessity and illustrated in many adjudged cases in the American courts is "that the owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises, for any lawful purpose, is liable in damages to such persons—they using due care—for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation."

The rule that is applied to a railroad in this State is that it has the right to a clear track, and is not liable for injury to persons received upon its track; but if the company knows, or by the exercise of ordinary care should know, that persons are in the habit of, and have been for some time, using its track as a foot path, so that it has no right to expect a clear track, then it is the duty of the company to exercise reasonable care to prevent injury to persons so on the track at such place. *C. & O. Ry. C.* v. *Corbin,* 110 Va. 700, 67 S. E. 179.

The rule applicable to railroads is applied generally. *Orme* v. *City of Richmond,* 79 Va. 86; *N. & W. Ry. Co.* v. *De Board's Admr.,* 91 Va. 700, 22 S. E. 514; *Henry* v. *Disbrow Mining Co.,* 144 Mo. App. 350, 128 S. W. 841; *De Farr* v. *Ford Heim Brewing Company,* 62 Kan. 188, 61 Pac. 689.

In *Henry* v. *Disbrow Mining Co., supra,* the rule is thus stated: "If a person knows that people are using property as a right of way, and have been using same for such length of time that the presence of persons upon the same is to be expected, then it is his duty in making excavations across such pathway, or putting obstructions thereon, to exercise reasonable care and not negligently injure persons so in the habit of using such pathway."

In *De Farr* v. *Ford Heim Brewing Company, supra,* the rule is stated in the first syllabus in the following language: "Where the public has passed over private property for a long time with the implied permission of the owner, or those in control of the same, and where it may be said that a portion of the property is temporarily devoted to a public use, persons using the way are not deemed to be trespassers or mere licensees; and the owner or those in control cannot without liability make excavations, nor leave unprotected openings, so close to the line in such way as to render travel thereon unsafe."

The objection to instructions No. 1, given for the plaintiff, is not well taken. In the light of the foregoing authorities that instruction clearly and accurately states the law applicable to the plaintiff's theory of the case and has abundant evidence for its support.

The petition for a writ of error contends that the condition of the premises, resulting from beginning the work of dismantling the stalls, was at the time of the accident sufficient to warn the plaintiff of the danger of using the route he did, and that in using such route he assumed the risk of injury and cannot charge the result to the defendant. The defendant had only worked on the premises for three days prior to the accident, and there is a conflict in the evidence as to what had been done prior thereto, and the aspect the premises presented at the time of the accident. The evidence, however, is overwhelming that there was no obstruction whatever to the passway over which the plaintiff traveled between the exit from the stall and the point where he fell into the ditch. This question, involving the contention that the plaintiff was guilty of contributory negligence, was submitted to the jury under instructions which stated the law as fully as could be desired, and their verdict is conclusive on the point.

Without further detail it is sufficient to say in conclu-

sion that we have carefully examined the entire record and find that the evidence upon most of the vital issues was conflicting, and that the case was fairly submitted to the jury under the instructions given. The jury having decided that conflict in favor of the plaintiff, and the judge of the trial court having approved their verdict, this court will not, upon well settled principles, interfere with that finding.

The judgment complained of must be affirmed.

*Affirmed.*