# Richmond.

## BERLIN V. WALL AND OTHERS.

### March 21, 1918.

1. NEGLIGENCE—*Questions of Law and Fact.*—Where the facts as to the alleged negligence are clear and undisputed, the court must say as a matter of. law whether or not they. constitute negligence, and this is true whether the issue is raised by demurrer. to the declaration or demurrer to the evidence.

2. LANDLORD AND TENANT—*Several Tenants—Parts of Premises Used in Common Controlled by Landlord—Liability of Landlord.*—A landlord who leases separate portions of the same building to different tenants and retains control of the stairways and passageways used in common by all the tenants, is under an implied obligation to use reasonable care to keep the parts reserved in a safe condition for use, and a failure to perform that duty renders him liable for an injury resulting therefrom to a tenant or a member of his family, or any person properly on the premises who is himself free from fault.

3. LANDLORD AND TENANT—*Several Tenants—Parts of Premises Used in Common Controlled by Landlord—Liability of Landlord—Defective Skylight—Case at Bar.*—In the instant case defendants leased to plaintiff's father, for the use of himself and family, including the plaintiff, an infant about six years old, three rooms on the second floor of a building owned by the defendants. These rooms opened upon another room, which was used in common by all of the tenants of the build-. ing. Defendants retained and exercised control over this room. In this room there was a skylight made of double-thick window glass, and not of the glass commonly used in making a skylight. Defendants knew of the weakness of this glass, but did not warn plaintiff. Prior to the lease of the rooms the defendants had erected a railing about thirty-two inches high around the skylight. Plaintiff climbed or fell through the opening between the planks of the railing, or from the top of the railing through the skylight to the floor beneath, as the result of which he was injured. The most cursory examination by the lessee would have disclosed the material of which the skylight was constructed. Neither the tenant nor any

member of his family had any right thereon. The barrier stood as a constant notice and warning that it was not intended to be walked over, and all of these facts were perfectly manifest.

*Held:* That plaintiff could not recover in an action against defendants for damages for this injury.

4. LANDLORD AND TENANT—*Common Premises—Duty of Landlord— Case at Bar.*—All that is required of a landlord who retains control of a room used in common by his tenants is that he should make and keep the room in a reasonably safe condition for the purpose to which it is devoted. In the instant case plaintiff had not been invited to go upon that part of the room about which the defendants had erected a barrier. Indeed, it had been definitely withheld from use, and the barrier not only cut it off and prevented such use by the tenants, but distinctly and definitely warned them not thus to use it. The part of the room taken up by the skylight was reserved by the lessors for the manifest purpose of giving light to the tenant of the room below, the railing was itself a proclamation of this reservation and the reason therefor, and the plaintiff had no access to the skylight except by ignoring the warning and climbing through or over the barrier. Neither the lessee nor his family had been invited to go inside of that barrier, and the railing was in itself sufficient notice of the reservation of the space so enclosed, a continuous prohibition against the use of such space and a constant warning of the danger of disregarding such notice, and the defendants did not owe to the tenant or his family the duty of protecting them against the consequences of such disregard.

5. NEGLIGENCE — *Foundation of Liability — Degree of Care.*—It is fundamental that in an action for personal injury alleged to have been occasioned by the negligence or default of another, it must be shown that the defendant owed some duty or obligation to the party injured which he failed to discharge. It is always easy after an accident has occurred to show that, if something which was not done had been done, the accident could have been prevented; but proper care in such a case does not require the anticipation of every accident that can happen, or the providing of every conceivable safeguard for the prevention of any possibility of an accident. It does, however, require the exercise of reasonable care to avoid accidents which, according to observation and experience, are likely to happen.

6. LANDLORD AND TENANT—*Liability of Landlord—Case at Bar— Defective Skylight.*—In the instant case the skylight in ques-

tion was covered with dust, which plaintiff alleged concealed the defect. It was held, however, that if the accident was naturally to be anticipated, because of the accumulation of dust on the skylight, it was as much to be anticipated by the tenant as by the landlord.

7. LANDLORD AND TENANT—*Liability for Injury.*—Though it is the duty of the landlord to keep in repair that portion of the leased premises which he retains for the use of the several tenants in common, still another general rule is that the landlord is not liable to the tenant, or members of his family, whether infant or adult, for the defective condition or faulty construction of the leased premises over which the tenant has exclusive control existing at the time of the lease, unless there was misrepresentation, active concealment, or perhaps total inability on the tenant's part to discover the defect.

8. LANDLORD AND TENANT—*Liability for Injury—Case at Bar.*—In the instant case there was no failure to keep in repair, and the defect, if it was a dangerous defect, was apparent, and the railing stood there as a constant warning to the tenant and his family that the portion of the room within the barrier was not for common use, and that it was not such a skylight as could be safely walked over.

Error to a judgment of the Circuit Court of the city of Lynchburg, in an action of trespass on the case. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Amonette & Bailey, Jno. L. Lee* and *R. C. Blackford,* for the plaintiff in error.

*N. C. Manson, Jr.,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

Saul Berlin, an infant suing by Israel Berlin, his father and next friend, instituted his action of trespass on the case against Ellen M. Wall and others, the owners of a building leased to the father of the infant plaintiff, to recover dam-

ages for an injury resulting from a fall through a skylight to the floor beneath. The trial court sustained a demurrer to the declaration, entered judgment thereon for the defendants, and the plaintiff assails the correctness of that judgment.

The facts relied upon by the plaintiff, in substance alleged in the declaration and therefore admitted by the demurrer, are these: That during the year 1912 the defendants leased to Israel Berlin, for the use of himself and family (including the plaintiff) three rooms on the second floor of a building owned by the defendants in Lynchburg. These rooms opened upon another room, which was used in common by all of the tenants of the building, at one end of which was a water closet, also used in common by all of the tenants on the second floor, and the defendants retained and exercised control over these parts of the building so used in common by the tenants. In this room leading from the rooms of Israel Berlin, the father of the plaintiff, to the water closet was a skylight, made of double-thick window glass, about a quarter of an inch thick, and not of the glass commonly used in making a skylight. This skylight was composed of nine pieces of glass, 26 by 28 inches in size, fitted into a sash, which sash was fitted into the floor. The defendants knew of the thinness and weakness of this glass composing the skylight, but they neither warned the plaintiff, nor did they impart to him any knowledge of the dangerous condition of the skylight. That the said Israel Berlin could not by ordinary inspection determine the weak and dangerous character of the skylight, since the glass was covered with dust and there was nothing to indicate that the skylight was of other than skylight glass. Prior to the lease of the rooms the defendants had erected around three sides of the skylight (the fourth side being protected by the wall of the room) a railing about thirty-two inches high, consisting of three strips of plank

three inches wide and a top rail. The first plank was placed five inches above the floor, while the second was eight inches above the first, thus leaving a space eight inches wide, and the other spaces were five inches wide. The water closet being a room at the end of the room in which the skylight was, it was necessary for the tenant and his family, including the plaintiff, to pass and repass the skylight in order to make use of the water closet. The children of the tenants used this room, in which the skylight was, for the purpose of playing, which the declaration alleges that the defendants knew, or ought to have known. On or about March 13, 1915, the plaintiff, an infant about six years of age, crawled, climbed or fell through the opening between the planks of the railing, or from the top thereof, on, against or through the skylight to the floor beneath, a distance of about twenty feet, as the result of which he was injured.

The grounds of demurrer here relied on in substance are: That the skylight through which the plaintiff fell was not such a defect as to render the defendants liable; that there was no such negligence in the manner in which the enclosure was constructed and maintained as to render the defendants liable; that the skylight was separated from the room in which the plaintiff was accustomed to play and through which he had to pass by a railing so constructed that plaintiff could not reach the skylight without climbing over or pushing between the strips of the railing; that the skylight was in the same condition at the time of the accident as at the time of the lease and, if defective, it was an open defect existing at the time of the lease; that the skylight, enclosed as it was, was not a dangerous defect; that the defects complained of could not be remedied without changing the construction of the leased premises; that the defendants owed plaintiff no duty which they failed to dis-

charge; and that the accident was not the natural, or reasonably to be expected, result of the manner in which the skylight, or the enclosure around it, was constructed.

The briefs of counsel on both sides so thoroughly discuss and analyze the pertinent authorities relating to the respective rights and duties of landlords and tenants, and are thus so helpful to the court, that we are relieved of much labor which otherwise would be necessary. In our view of the case, however, it is not necessary for us to follow their example, and we shall therefore limit our discussion to the questions of law and fact which appear to be controlling in this case.

The argument of counsel for the plaintiff in error, in its last analysis, rests the claim to recover upon the rule which is thus stated in 1 Tiffany on Landlord and Tenant, at p. 628: "It frequently happens that the owner of a building demises separate parts thereof to different tenants, access to which parts is by means of a passage, stairway or other means of approach, which, while intended for the use of the different tenants, is not, in itself, included in the demise to any one of them and consequently remains in control of the landlord. In such case the landlord in effect invites the use of such passages or stairway by the tenants, and by other persons whose relations to the tenants involve their use of these approaches in order to obtain access to the rooms or apartments demised, and he is accordingly regarded as liable both to the tenant and such other persons, for any injury caused by his failure to exercise reasonable care to keep such parts of the building in proper repair, as is any owner of land or of structures thereon as regards persons whom he expressly or impliedly invites to enter thereon."

In the case of *Siggins* v. *McGill et al.,* 72 N. J. Law, 263, 62 Atl. 411, the same rule is approved, and in the note thereon (3 L. R. A. [N. S.] 316, 111 Am. St. Rep. 666), it is succinctly stated thus: "The general rule seems to be

that a landlord who leases separate portions of the same building to different tenants and retains control of the stairways and passageways used in common by all the tenants, is under an implied obligation to use reasonable care to keep the parts reserved in a safe condition for use, and a failure to perform that duty renders him liable for an injury resulting therefrom to a tenant or a member of his family, or any person properly on the premises who is himself free from fault." Citing many cases.

The doctrine is approved in *Nesbitt* v. *Webb*, 115 Va. 362, 79 S. E. 330. It is also stated in *Bennett* v. *Railroad Co.*, 102 U. S. 577, 26 L. Ed. 235, that the rule is "founded in justice and necessity and illustrated in many adjudged cases in the American courts that the owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises, for any lawful purpose, is liable in damages to such persons—they using due care—for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation."

The lessor has been, therefore, held liable where he failed to give notice that the premises were infected with disease, that a well was polluted, that offensive or noxious odors were emitted from a cesspool or drains on the premises, that timbers under a floor, and therefore concealed from ordinary observation, were rotten, and that injury to health or body resulted from such undisclosed conditions.

In this case, the facts as to the alleged negligence being clear and undisputed, the court must say as a matter of law whether or not they constitute negligence. This is true, of course, whether the issue is raised by demurrer to the declaration or demurrer to the evidence. *Clark, by, etc.* v.

*City of Richmond,* 83 Va. 355, 5 S. E. 369, 5 Am. St. Rep. 281; *Richmond* v. *Lambert,* 111 Va. 174, 68 S. E. 276.

All then that the rule relied upon required of the defendants was to make and keep the room in a reasonably safe condition for the purpose to which it was devoted. The plaintiff, however, had not been invited to go upon that part of the room about which the defendants had erected a barrier. Indeed, it has been definitely withheld from use, and the barrier not only cut it off and prevented such use by the tenants, but distinctly and definitely warned them not thus to use it. The part of the room taken up by the skylight was reserved by the lessors for the manifest purpose of giving light to the tenant of the room below, the railing was itself a proclamation of this reservation and the reason therefor, and the plaintiff had no access to the skylight except by ignoring the warning and climbing through or over the barrier. Neither the lessee nor his family had been invited to go inside of that barrier, and the railing was in itself sufficient notice of the reservation of the space so enclosed, a continuous prohibition against the use of such space and a constant warning of the danger of disregarding such notice, and the defendants did not owe to the tenant or his family the duty of protecting them against the consequences of such disregard.

By analogy, the principle enforced in *Clark, by, etc.* v. *City of Richmond, supra,* applies to the facts of this case. The city of Richmond had excavated, under an agreement with the owner, a portion of a lot immediately adjoining Fourth street. This excavation was separated from the sidewalk only by a wall from 15 to 24 inches above the general level of the sidewalk. The plaintiff, a small child, six years of age, came up the sidewalk, using the walkway until near the end of the square, when, without any necessity therefor, he got on top of the wall, and while standing or walking thereon fell into the area. It was held in that case

that the plaintiff was not entitled to recover, and the court said that the wall or coping may be said to have furnished the plaintiff an ample barrier so long as he was using the sidewalk for the purposes of travel. The child had the right to be on the sidewalk, and the city was bound to use reasonable care to keep it in a reasonably safe condition for his use while he remained there, but it was under no obligation to provide for his safety when he left the street and got upon the barrier which had been placed there for his protection. So, here, so long as the plaintiff used that portion of the room expressly devoted to purposes of play and for access to the water closet, the enclosure around the skylight furnished him ample protection.

The case of *Lynchburg Telephone Co.* v. *Booker,* 103 Va. 594, 50 S. E. 148, is relied upon by the plaintiff in error. We do not think it applicable to this case. There an eight year old child, sitting in the street, reached through the fence and grasped a live wire dangling through the branches of a tree, and the telephone company was held responsible; but one difference between that case and this is, that the child, when injured, was in the street where he had a right to be, and the danger negligently maintained by the telephone company was within reach of his hand.

Another case relied upon to sustain a recovery is that of *Hess* v. *Hinkson's Adm'r* (Ky.), 96 S. W. 436; but in that case there was a hole about two feet wide and one foot high in the side of a closet which was used in common by tenants, through which a child crawled out on a roof and fell through a skylight. One difference between that case and this is that there was no barrier or warning of any sort to indicate that it would be dangerous to do so.

On the other hand, in *McAlpin* v. *Powell,* 70 N. Y. 126, 26 Am. Rep. 555, where a child passed through an open window to a platform, and thence to a trapdoor, through which he fell, the landlord having negligently failed to pro-

55

vide a proper fastening for the trapdoor, it was held that the plaintiff could not recover of the landlord. *Mayor* v. *Laux*, 18 Misc. Rep. 671, 43 N. Y. Supp. 743, illustrates the same principle.

In *Andrews* v. *Williamson*, 193 Mass. 92, 78 N. E. 737, 118 Am. St. Rep. 452, in which the wife of the tenant was injured by the breaking down of one of the steps of a stairway as she was passing over it, a recovery was denied upon the doctrine thus stated: "With respect to the repair of a stairway over which the tenants have only a right of way in common, and which is kept within the control of the landlord, he owes the duty of due care to keep it in the condition in which it was, or appeared to be, at the time of the letting, but he is not bound to change the mode of construction.

Of course, it is fundamental that in an action for personal injury alleged to have been occasioned by the negligence or default of another, it must be shown that the defendant owed some duty or obligation to the party injured which he failed to discharge. It is always easy after an accident has occurred to show that, if something which was not done had been done, the accident could have been prevented; but proper care in such a case does not require the anticipation of every accident that can happen, or the providing of every conceivable safeguard for the prevention of any possibility of an accident. It does, however, require the exercise of reasonable care to avoid accidents which, according to observation and experience, are likely to happen. Watson on Damages, section 33.

It is maintained by the defendants that this accident was not the natural result of the manner of construction of the skylight. The plaintiff claims that it should have been constructed of skylight glass, and that the failure so to construct it made it a menace and constitutes the negligence for which the defendants are responsible. If, however, it

had been constructed of skylight glass, no barrier would have been necessary, and the lessors could have safely allowed the tenant and his family unobstructed access to the entire room. Inasmuch as it was not constructed of skylight glass, the barrier became proper as a notice, and in the exercise of due care necessary. One fact relied on to show that the alleged defect was concealed from the plaintiff was, that the glass was covered with dust, but this was surely as apparent to the lessee as it was to the lessors; and the charge of concealment cannot be founded on such a circumstance.

There are a number of Virginia cases in which it has been held that the defendant was not liable because the injury was not the natural result to be expected from the negligence complained of. In *Winfree* v. *Jones*, 104 Va. 39, 51 S. E. 153, 1 L. R. A. (N. S.) 201, a tenant abandoned the landlord's premises and left a door open. Thereafter some one who had no legal right in the house, but who obtained access thereto by reason of the unlocked door, negligently set it on fire, and the court declared as a matter of law that such a result was not to be expected and that the negligence of leaving the house open was not the proximate cause of the fire; hence that there could be no recovery by the owner against the tenant because of the unexpected result of such negligence.

In *Newport News, etc., Ry. Co.* v. *Clark*, 105 Va. 205, 52 S. E. 1010, 6 L. R. A. (N. S.) 905, 115 Am. St. Rep. 868, it was held that the death of a child who ran into a rope stretched across the sidewalk and was killed, was not the natural result of stretching a three-quarter inch rope across a sidewalk, and the fact that it was customary also to place a guard at the point of obstruction to warn persons against injury from falling substances, and that none was placed there in that case, did not change the conclusion.

If this accident was naturally to be anticipated, because

of the accumulation of dust on the skylight, it was as much to be anticipated by the tenant as by the landlord. All that had to be done was to reach the hand over the 32-inch railing, or through one of the spaces in it and rub off the dust, for this was the only thing that prevented the lessee from detecting that the alleged faulty construction of the skylight made it a source of danger to his child.

It is to be observed in this connection that while the same conditions had existed during the fourteen months which had intervened between the lease of the premises and the accident, and the tenant and his children had used the room during all that period, no accident had occurred, and of course we must assume that the tenant did not anticipate such an accident or he would have kept closer watch over his child.

Though it is the duty of the landlord to keep in repair that portion of the leased premises which he retains for the use of the several tenants in common, still another general rule is that the landlord is not liable to the tenant, members of his family, whether infant or adult, for the defective condition or faulty construction of the leased premises over which the tenant has exclusive control existing at the time of the lease, unless there was misrepresentation, active concealment, or perhaps total inability on the tenant's part to discover the defect. *Smith* v. *Wolsiefer,* 119 Va. 247, 89 S. E. 115; *Looney* v. *McLean,* 129 Mass. 35, 39 Am. Rep. 295; Wood on Landlord & Tenant 921; Taylor on Landlord & Tenant (9th ed.) 220.

In this case there is no failure to keep in repair, and the defect, if it was a dangerous defect, was apparent, and the railing stood there as a competent warning to the tenant and his family that the portion of the room within the barrier was not for common use, and that it was not such a skylight as could be safely walked over.

In *Woods* v. *Naumkeag Steam Cotton Co.,* 134 Mass.

359, 45 Am. Rep. 344, where the tenant's wife was injured owing to the defective condition of a common stairway, there being no railing on either side of it, the steps being so constructed as to cause an accumulation of ice and snow, it was held that the landlord was under no obligation to change the original construction of the steps for the benefit of the tenant, and that as the structure of the steps remained unchanged from the time of the plaintiff's first occupancy of the building to the time she received the injury, there could be no recovery.

The general doctrine is stated in 1 Tiffany on Landlord & Tenant, p. 634, thus: "The landlord is under no obligation to the tenant to change the mode of construction of the passageways, stairs or platforms, used in common by the tenants, and to construct them upon a different plan, in order to make them more safe, provided the mode of construction was apparent at the time of the letting. His obligation has been said to be merely to keep such a place 'in such condition as it was in, or purported to be in, at the time of the letting,' meaning thereby such condition as it would appear to be in to a person of ordinary observation, and having reference to the obvious condition of things existing at the time of the letting. Accordingly, it has been held, a landlord is not liable for injuries caused by the rotten condition of a platform which was evidently in that condition at the time of the lease"—citing *Woods* v. *Naumkeag Steam Cotton Co., supra; Quinn* v. *Perham,* 151 Mass. 162, 23 N. E. 735; *Lynch* v. *Swan,* 167 Mass. 510, 46 N. E. 51; *O'Malley* v. *Twenty-Five Associates,* 176 Mass. 555, 60 N. E. 387; *Humphrey* v. *Wait,* 22 U. C. C. P. 580; *Rogers* v. *Sorrell,* 14 Man. Rep. 450; *Andrews* v. *Williamson,* 193 Mass. 92, 78 N. E. 737, 118 Am. St. Rep. 452.

Here, then, we have a skylight, the construction of which was perfectly open and apparent, or easily discoverable, by the tenant at the time the lease commenced, with its railing

protecting from accident those who were inattentive, and if this constituted a dangerous defect therein, as is claimed, such peril was as apparent to the tenant as it was to the landlord. If it could have been discovered by the tenant by a reasonable inspection thereof, the defendants are not liable for the injury resulting therefrom. *Moynihan* v. *Allyn,* 162 Mass. 270, 38 N. E. 497; 16 R. C. L. 1040, 1067.

Fairminded men cannot differ as to the proposition that the most cursory examination by the lessee would have disclosed the material of which the skylight was constructed. Neither the tenant nor any member of his family had any right thereon. The barrier stood as a constant notice and warning that it was not intended to be walked over, and all of these facts were perfectly manifest. Dangers constantly beset unattended small children, and the defendants cannot be held responsible for the happening of an accident from a possible danger, the existence of which was disclosed to the parents and natural guardians of the infant plaintiff, and of which the defendants had given sufficient warning. The accident would not have occurred had this warning been heeded, and our judgment accords with that of the trial court.

*Affirmed.*