# CHARLESTON.

## SIMMONS *v.* CHESAPEAKE & OHIO RY. CO.

Submitted September 3, 1924.   Decided September 9, 1924.

1. NEGLIGENCE—*Trespasser Cannot Recover for Injury, Unless Negligence Amounts to Wanton Injury.*

     A railroad company is under no duty to a mere trespasser to keep its premises safe, and such a trespasser, injured on such premises, cannot recover from the company by reason of the unsafe condition of the premises unless its negligence is so gross as to amount to wanton injury.   (p. 107).

     (Negligence, 29 Cyc, p. 442).

2. SAME—*Infancy of Trespasser Does Not Raise Duty.*

     The fact that the trespasser is an infant of tender years does not raise a duty where none otherwise exists.   (p. 107).

     (Negligence, 29 Cyc, p. 446).

3. SAME—*When Infant Presumed Unable to Comprehend Dangers.*

     An infant between the ages of seven and fourteen years is presumed not to possess sufficient mental capacity to comprehend and avoid dangers though such presumption may be overcome by competent evidence showing such capacity.   (p. 108).

     (Negligence, 29 Cyc, p. 540).

     NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.

Certified Question from Circuit Court, Raleigh County.

Action by Cecil Simmons against Chesapeake & Ohio Railway Company.   Demurrer to declaration sustained, and question certified.

*Affirmed.*

*J. W. Maxwell* and *Ben H. Ashworth,* for plaintiff.

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for defendant.

MILLER, JUDGE:

The circuit court sustained defendant's demurrer to plaintiff's declaration, and has certified to us the question of the correctness of his ruling thereon.

The declaration alleges that plaintiff was a boy nine years of age, living with his parents in a house located on defendant's right of way; that plaintiff's father was an employee of the defendant company; that the only means of egress and ingress from and to plaintiff's residence was over and along the said right of way; that about one hundred and fifty feet from the residence, the defendant maintained a tool house, in which was stored tools, explosives and other materials used in the maintenance of the right of way; that the tool house was uninclosed, and that one side was about five feet from the ground, the other level with the grade of defendant's railway track; and that the open space under the tool house was not enclosed or protected. The declaration further alleges that plaintiff's family secured water from several springs in the vicinity, and that to reach one of these springs it was necessary to pass along defendant's right of way near the tool house, though it is not directly alleged that plaintiff or any of the other members of his family actually did use this particular spring. It is further alleged that plaintiff and his brothers and sisters were accustomed to play along the right of way and under and around the tool house, of which defendant's section foreman had full knowledge, and which he permitted. Plaintiff says that on a certain day, while playing near the tool house, he found under the said house a dynamite cap, and actuated by a childish desire to near it explode, though he did not know of the danger that might result from such explosion, he placed it on one of the railroad rails and struck it with a large bolt; and that the explosion destroyed the sight of one of his eyes. The acts of negligence relied on were that defendant failed to keep its tool house in repair and enclosed, but negligently and carelessly permitted dynamite caps to become scattered under and around the same and on and about its right of way, with knowledge of the fact that plaintiff and other children were accustomed to use the premises as a playground. And it is further averred that it was the duty of defendant to keep its premises under and around its said tool house on the right of way free from explosives of any kind, including dynamite caps or other dangerous agencies which might be then and

there liable to cause injury to children of the age of plaintiff.

The controlling question presented, and the one upon which the correctness of the ruling of the trial court must be determined, is whether plaintiff was a trespasser or mere licensee at the time he was injured, or whether he was an invitee or licensee occupying by right a part of the premises leased to his father by defendant.

Counsel for plaintiff contend, that because of the limited width of the right of way on which the house leased to plaintiff's father was located, plaintiff had a right to play with his brothers and sisters at any place on defendant's premises within a reasonable distance from the residence occupied by him; that the tool house was located on a part of the father's leasehold; and that plaintiff was not a trespasser when he entered the open space under the tool house. It is said that there were no streets or alleys or a public road near plaintiff's residence, and that he could not leave the premises other than by defendant's right of way without trespassing on the private property of others, and of necessity had to use defendant's premises as a playground; and that defendant must presume he would do so.

We do not think plaintiff's contention is correct. It is not alleged that plaintiff's father had by his lease any right in the tool house. It is to be presumed that this house was reserved by defendant to be used exclusively by it for the purposes for which it was erected and maintained, namely, the storage of tools and other materials used in the maintenance of the railway. Defendant was not under any duty to furnish a playground for the children of its tenant. While plaintiff may have had right of ingress and egress over some part of defendant's right of way, when he left the way used by him, if any passed by the tool house, and entered the open space under the house where he found the dynamite cap, he became a trespasser on the private property of defendant. It is true the declaration alleges that neither the residence of plaintiff's father nor the tool house was enclosed, and that there was no fixed boundary line drawn about the residence; but from the facts alleged, we must presume that defendant reserved the tool house from the leasehold for its own use.

Plaintiff was clearly a trespasser at the time he exploded the dynamite cap, for he placed it on one of the railroad rails and struck it with a bolt he found lying there. The mere fact that defendant's section foreman knew of and permitted the use made by plaintiff and others of the right of way did not impose upon the railway company a duty to exercise more than ordinary care for their safety. Such use amounts to a mere license. *Blagg* v. *Railroad Company*, 83 W. Va. 449.

Since it appears that plaintiff had no legal right on defendant's premises where he found the dynamite cap and exploded it, and we hold that he was a trespasser thereon, the fact that he was a child of tender years does not alter the rule governing the rights of trespassers in such case. *Dicken* v. *Salt & Coal Co.*, 41 W. Va. 511; *Ritz* v. *City of Wheeling*, 45 W. Va. 262; *Uthermohlen* v. *Coal Co.*, 50 W. Va. 457; *Conrad* v. *Railroad Co.*, 64 W. Va. 176; *Martin* v. *Coal Co.*, 70 W. Va. 711.

Counsel for plaintiff cite two cases to support their contention of plaintiff's right to recover; *Powers* v. *Harlow*, 53 Mich. 507, 51 Am. Rep. 154; and *Nesbit* v. *Webb*, 115 Va. 362, 79 S. E. 330. The Michigan case, it is true, is somewhat similar to the one under consideration. There defendant, the owner of a large farm, had leased a part of it to plaintiff's father, which was only accessible by passing over some part of defendant's premises. Plaintiff, a child about the age of plaintiff here, had taken his father's dinner to where the latter was working on his leasehold, and later, in a sort of shed built against a stump on defendant's premises, found an uncovered box containing dynamite and caps. He took out one of the caps, and in striking it with a stone was injured. There it appears the larger farm was divided up and leased out in about fifty small parcels, and that the several tenants were in the habit of crossing each other's parcels from the public road to their own, using no particular path or way. In that case the court held that since there were no fences or stakes to separate the various parcels and no marked paths to be used by the tenants, each had a license coupled with an interest to pass over the several tracts to and from his own, a license not revocable while the lease was in force, and that it was the duty of the landlord to protect his tenants from

the danger incident to storing dangerous explosives where they might be expected to travel in reaching their several leaseholds. Here it does not appear that plaintiff's father had any interest whatsoever in the tool house. The Virginia case was where an employee of a railroad company was injured by falling into a pit or ditch left open by a contractor, the defendant, who was making some improvements for the company. Plaintiff did not know the ditch had been dug during the day, and was using the way ordinarily used by him in going from his work.

One of the questions certified by the trial court is whether "the facts alleged in the declaration, with reference to the conduct of plaintiff, precluded the plaintiff from recovery." From this question it may be that the court passed upon the question of plaintiff's contributory negligence. Should plaintiff file an amended declaration, this question may arise again, In view of the age of plaintiff, we are of opinion that the declaration under consideration sufficiently negatives negligence on the part of plaintiff. In *Ewing* v. *Lanark Fuel Company,* 65 W. Va. 726, points 4 and 5 of the syllabus, it was said: "Between 7 and 21 years, the age of the infant is only an evidential fact bearing on the question of his mental capacity to comprehend and avoid danger. An infant 14 years of age or over, is presumed to possess sufficient mental capacity to comprehend and avoid danger, and if he relies on his want of such capacity the burden of proving it is on him; but if under the age of 14, he is presumed not to possess such capacity, and in an action by him for negligently causing his injury the burden of proving his capacity is on the defendant."

The ruling of the lower court will be sustained.

*Affirmed.*