## CIRCUIT COURT OF THE CITY OF NORFOLK

Belinda Jones

v.

Lawrence Kidd

December 9, 2003

Case No. (Law) CL03-1415

BY JUDGE JOSEPH A. LEAFE

Plaintiff, Belinda Jones, filed a motion for judgment against defendant, Lawrence Kidd, alleging that, due to Kidd's negligence, she was injured when a staircase in the home she rented from Kidd collapsed. (Am. Mot. for J. ¶¶ 3, 4.) For the reasons outlined below, Kidd's demurrer to Count I is sustained, and the demurrers to Counts II and III are overruled.

It is clear from Jones' pleading that her relationship to Kidd at the time of her injury was that of a tenant to a landlord, not that of an invitee. Jones leased a single-family home located at 114 Gale Avenue, Chesapeake, Virginia, from Kidd. Jones alleged that a stairway leading to a converted attic space in the home collapsed while she was walking on it, causing her to sustain serious and permanent injuries. (Am. Mot. for J. ¶¶ 1-4.)

### Standard on Demurrer

A demurrer tests the sufficiency of plaintiff's factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). In

evaluating whether plaintiff has stated a cause of action, the court shall "consider as true all material facts alleged in a [motion for judgment], all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts." *Riverview Farm Assoc. Va. Gen. P'ship v. Board of Supervisors of Charles City County*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). Plaintiff's motion for judgment need not be perfect, and a demurrer is not proper if defendant desires simply more detail or a more definite statement. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

## A. *Count I*

Before addressing Jones' arguments, it should be noted that the Virginia Residential Landlord and Tenant Act is not applicable to the present case, as the rented home in question is a single-family residence owned by a natural person who owns no more than four such leased homes. Va. Code Ann. § 55-248.5 (2003). We then turn to the common law for legal authority on these matters.

In Count I, Jones asserts that Kidd owed a duty to maintain a "reasonably safe and habitable place of abode" and maintain the stairway in "reasonably safe condition." (Am. Mot. for J. ¶¶ 7, 8.) According to Jones, Kidd's duty includes a responsibility for the "design, engineering, inspection and maintenance of the property," to maintain the stairway, and to inspect and warn of any latent defects. (Am. Mot. for J. ¶¶ 7, 8.)

In fact, a lessor owes no such duty to maintain, inspect, or ensure the safety of leased premises. Under the common law, there is no implied warranty to repair or maintain a leased premise. When the lessor surrenders possession of the leased premises to the lessee, "in the absence of concealment or fraud by the landlord as to some defect in the premises, known to [the landlord] and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein." *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 240, 38 S.E.2d 465, 469 (1946). The lessor is not liable for defects present in the premises at the time of leasing about which the lessee either knew or, with reasonable inspection, could have known. *Oliver v. Cashin*, 192 Va. 540, 543, 65 S.E.2d 571, 573 (1951). In explaining *Oliver*, the Court stated that "even when the lessor has actual knowledge [of a latent defect], if the defect is one the lessee could discover by reasonable inspection and the lessor has made no covenants of warranty or repair, the lessor is liable only when he is guilty of fraudulent concealment." *Appalachian Power Co. v. Sanders*, 232 Va. 189, 194, 349 S.E.2d 101, 104 (1986).

Furthermore, it is firmly established that a landlord has no duty to maintain any portion of the premises under the lessee's exclusive control. *Paytan v. Rowland*, 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967). While a lessor would have a duty to maintain and inspect for reasonable safety portions of the building that are common areas, no such duty attaches to areas under the tenant's exclusive control. *See, e.g., Berlin v. Wall*, 122 Va. 425, 436, 95, S.E. 394, 398 (1918); *Paytan v. Rowland*, 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967).

As the duties Jones alleged Kidd breached are not ones which the common law recognizes, Kidd's demurrer to Count I is sustained.

## B. *Count II*

While it is true that a lessor, under the common law, is protected to a great extent from claims by the lessee for injuries arising from defects in the premises, this protection is not absolute. A lessor does have a duty to warn the lessee of a known dangerous condition before the tenant takes possession. However, the lessor will not be liable for resulting injury if the condition was open and obvious or if the tenant knew or should have known of the condition upon reasonable inspection. In sum, a landlord can be held liable for injury resulting from nondisclosure of known, latent defects in the premises at time of leasing. *See Berlin v. Wall*, 122 Va. 425, 436, 95 S.E. 394, 398 (1918); *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 239-40, 38 S.E.2d 465, 469 (1946); *John Aragona Enters. v. Miller*, 213 Va. 298, 299-300, 191 S.E.2d 804, 805 (1972).

In Count II of Jones' amended motion for judgment, it is alleged, albeit in the alternate, that Kidd knew of the stairs' dangerous, defective condition. (Am. Mot. for J. ¶ 14.) Jones also alleged that the condition of the stairs was not "readily apparent." (Am. Mot. for J. ¶ 15.) A reasonable inference from this allegation is that the condition of the stairs could not have been discovered through a reasonable inspection by the lessee. Further, Jones has pleaded that she sustained injury as a direct result of Kidd's negligence. (Am. Mot. for J. ¶ 4.) These allegations, if proven, could support a cause of action. Accordingly, the Court overrules the Demurrer to Count II.

## C. *Count III*

In Count III, Jones alleged Kidd violated the Chesapeake City Code (the City Code) by failing to comply with a housing inspection program designed for certain residential areas. Section 14-114 of the City Code reads, in relevant part, as follows:

No owner, managing agent, or person in control of any dwelling or dwelling unit located in a special emphasis (conservation) area shall permit any person to occupy such property as a tenant, lessee, or otherwise for valuable consideration unless the dwelling or dwelling unit shall have been inspected prior to occupancy and shall have been determined to be in compliance with all applicable laws, ordinances, regulations, and standards set forth in, or adopted or incorporated by, this Code.

Violation of this section is punishable as a class 2 misdemeanor. Chesapeake, Va., Code § 14-119(b).

Mere violation of a statute does not automatically give rise to a personal cause of action. However, Virginia has recognized that violation of a statute protecting public safety and welfare is negligence *per se*. *See MacCoy v. Colony House Builders*, 239 Va. 64, 69, 387 S.E.2d 760, 763 (1990); *VEPCO v. Savoy Constr. Co.*, 224 Va. 36, 45, 294 S.E.2d 811, 817 (1982). Even if a statute is one concerning public safety or welfare, a plaintiff must further prove that she belongs to the class of persons the statute was designed to protect and that the violation of the statute was the proximate cause of the injury sustained. *Robinson v. Moran, Inc.*, 259 Va. 412, 418, 525 S.E.2d 559, 563 (2000).

In the present case, the City Code states, and Jones has pleaded, that part of its purpose is to protect the "public health, safety, and welfare by ensuring proper building maintenance and compliance with applicable building regulations in rental dwellings and dwelling units." Chesapeake, Va., Code § 14-111. *See also MacCoy v. Colony Home Builders, Inc.*, 239 Va. 64, 69, 387 S.E.2d 760, 763 (1990) (holding that violation of Uniform Statewide Building Code is negligence *per se*). Furthermore, in the amended motion for judgment, it is alleged that Jones was in the class of persons the statutory inspection requirement was intended to protect and the violation of that requirement was the proximate cause of Jones' injuries. (Am. Mot. for J. ¶¶ 21, 22.) Thus, Jones has sufficiently pleaded a cause of action for negligence *per se*, and the demurrer to Count III is overruled.